Justice Robinson, concurring.
I join without reservation in the Court's opinion to the extent that it addresses the Confrontation Clause issue, and I view with favor the Chief Justice's concurring opinion that calls for a new trial because of the contents of the prosecutor's closing argument. In my judgment, there are two available grounds in this case on which a new trial could be ordered: because of the Confrontation Clause issue so nicely analyzed in the Court's opinion and also because of the impropriety of the prosecutor's closing argument-an argument that was not focused on the evidence in the record, but instead egregiously mischaracterized defense counsel's theory of the case as well as what defense counsel had actually said and done in the course of the trial.[1] Although the majority does not reach the *1249 issue, I should add that there was error here which was certainly not harmless.[2]
Therefore, it is my view that the defendant in the instant case is entitled to a new trial because of the violation of the Confrontation Clause, as the majority opinion holds; but I also wish to explicitly note that this case could also be reversed due to the very inappropriate language and baseless animadversions in the prosecutor's closing argument.[3]

While the troubling aspects of the prosecutor's closing argument were in all likelihood the product of an advocate's zeal, they are, in my view, nonetheless so serious as to form the basis for requiring a new trial.

See State v. Gonzalez , 136 A.3d 1131, 1156-57 (R.I. 2016).

I wish to be entirely clear. After considerable reflection, I have concluded that the Confrontation Clause issue and the closing argument issue could constitute separate and independent grounds for ordering a new trial.